☐ **FILED**

Aug 29 2013

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

13CR3045-BTM

UNITED STATES OF AMERICA,

Plaintiff,

v.

Gloria Edith RODRIGUEZ-Ponce,

Defendant.

Case No.: ~~13MJ8456~~

**FINDINGS OF FACT AND ORDER OF DETENTION**

In accordance with Title 18 U.S.C. § 3142(f) of the Bail Reform Act of 1984 (18 U.S.C. § 3141, et seq.), a detention hearing was held on June 10, 2013, to determine whether Defendant, Gloria Edith RODRIGUEZ-Ponce, should be held in custody pending trial on the grounds that she is a flight risk. Assistant U.S. Attorney Matthew Brehm appeared on behalf of the United States. James Johnson of Federal Defenders of San Diego, Inc. appeared on behalf of the Defendant.

Based on the evidence proffered by the United States and the Defendant, the Pretrial Services' officer, and the criminal complaint issued against the Defendant on June 10, 2013, by this Court, the Court concludes that the following facts establish by a preponderance of the evidence that no condition or combination of conditions required will reasonably assure the appearance of the Defendant.

## FINDINGS OF FACT

A. <u>Nature and Circumstances of the Offense Charged (18 U.S.C. § 3142(g)(1))</u>:

1. Defendant is charged in Criminal Complaint No. 13MJ8456 with possession with intent to distribute 9.36 kilograms (20.8 pounds) of Methamphetamine, in violation of 21 U.S.C. § 841(a)(1). Therefore, probable cause exists to believe Defendant committed the charged offense.

2. The charged offense is an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Uniform Controlled Substances Act (21 U.S.C.§ 801, et seq.). <u>See</u> 21 U.S.C. § 841(b)(1)(B)(vii). Thus, there arises a presumption that no condition or combination of conditions will reasonably assure the appearance of the Defendant as required. <u>See</u>, 18 U.S.C. § 3142(e).

3. The offense carries with it a minimum mandatory sentence of 10 years and a maximum sentence of life. <u>See</u>, 21 U.S.C. § 841(b)(1)(B). According to the United States Sentencing Guidelines, the Base Offense level is 38. <u>See</u>, USSG § 2D1.1(c)(1). Assuming Defendant's criminal history score places her in Criminal History Category I, <u>see</u>, USSG § 4A1.1, the sentencing range for Defendant is 235-293 months in prison.

B. <u>Weight of the Evidence Against the Defendant (18 U.S.C. § 3142(g)(2))</u>:

1. On June 7, 2013, Defendant approached the Highway 86 Border Patrol Checkpoint driving a Dodge Durango SUV. During pre-primary inspection, BPA G. Barragan's assigned Human/Narcotic Detector Dog (HNDD) alerted to the undercarriage

of the vehicle. Defendant and the vehicle were referred to the vehicle secondary inspection area. Defendant gave BPA Barragan consent to search the vehicle. The HNDD alerted to the undercarriage by the passenger side door. The Density Reader received a reading of 70 indicating the possibility of compressed narcotics. Further inspection revealed 16 packages of Methamphetamine. The total combined weight was 9.36 kilograms (20.85 pounds).

C. <u>History and Characteristics of the Defendant (18 U.S.C. § 3142(g)(3))</u>:

    1.    Defendant is a citizen of Mexico.

    2.    Defendant resides in Mexicali, Mexico.

    3.    Defendant has no legal right to remain or work in the United States as she possesses only a Border Crossing card.

D. <u>Nature and Seriousness of Danger Posed by Release (18 U.S.C. § 3142(g)(4))</u>:

    1.    The government proffered no evidence to suggest that release of the Defendant would pose a danger to any person or the community. Defendant has no criminal record.

II

REASONS FOR DETENTION

A.    There is probable cause to believe that the Defendant committed the offense charged in Criminal Complaint Number 13MJ8456 to wit: the importation of 9.36 kilograms (20.8 pounds) of Methamphetamine in violation of Title 21, U.S.C., § 841(a)(1).

B. The Defendant faces a substantial period of time in custody if convicted of the offense charged in the Complaint. Therefore, she has a strong motive to flee.

C. The Defendant has not rebutted the presumption, based upon the Court's findings, that there is probable cause to believe that the Defendant committed an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801, et seq.); that no condition or combination of conditions will reasonably assure the appearance of the Defendant at future court proceedings.

III

## ORDER

IT IS HEREBY ORDERED that the Defendant be detained pending trial in this matter.

IT IS FURTHER ORDERED that the Defendant be committed to the custody of the Attorney General, or his designated representative, for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

///

///

///

///

///

///

While in custody, upon order of a court of the United States or upon the request of an attorney for the United States, the person in charge of the correctional facility shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding or any other appearance stipulated to by defense and government counsel.

THIS ORDER IS ENTERED WITHOUT PREJUDICE.

IT IS SO ORDERED.

DATED: 6-14-2013.

_____
HON. PETER C. LEWIS
U.S. MAGISTRATE JUDGE

Prepared by:

LAURA E. DUFFY
United States Attorney

_____
MATTHEW BREHM
Assistant U.S. Attorney

cc:     James Johnson
        Federal Defenders of San Diego, Inc.